**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MERIAL LIMITED, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:10-CV-0760-RWS
CHRISTA ROMAN, GINA :
SILVERTHORN, MEGAN :
CARR, TOBY BURNETT, and :
AMBER HAGOOD, :
:
    Defendants. :

## **ORDER**

On March 18, 2010, the Court entered an Order [7] granting Plaintiff temporary injunctive relief. The Order was entered with the consent of the parties with the understanding that the Court would subsequently conduct a hearing on the matter. On March 24, 2010, the Court conducted a hearing which was attended by counsel for Plaintiff and Defendants. After considering the submissions of the parties and the arguments of counsel, the Court enters the following Order.

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction [2] seeking to prohibit Defendants until at least the end of August

2010, from working for Elanco in any position involving the marketing, promotion, or sales of companion animal health products that compete with those sold by Plaintiff and prohibiting Defendants from using or disclosing any of Plaintiff's trade secrets.  In order to be entitled to a preliminary injunction, the moving party must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003); Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F. Supp. 2d 1326, 1334 (S.D. Fla. 2001). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson County, 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)). The movant must carry the burden of persuasion as to all four requirements. Id.  The standard for a preliminary injunction also applies to a request for a temporary restraining order. Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001).

AO 72A
(Rev.8/82)

Plaintiff seeks to protect its interest in alleged trade secrets that Defendants had access to during their employment with Plaintiff. However, the Court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits. Plaintiff failed to present evidence that demonstrated a substantial likelihood of success on the merits. Plaintiff did not establish that the information it seeks to protect is a trade secret. In particular, Plaintiff did not present evidence of reasonable efforts to maintain the secrecy of the information. A substantial question remains concerning whether Plaintiff would suffer irreparable injury without the issuance of an injunction. Finally, in light of the strong public policy in Georgia favoring competition, the Court is not convinced that the public interest would be served by the granting of injunctive relief under the facts of this case.

Based on the foregoing, Plaintiff's Motion for Temporary Restraining Order [2] is hereby **DENIED**. Further, Defendants' Motion to Dissolve the March 18, 2010 Temporary Restraining Order [12] is **GRANTED**, and said Order [7] is hereby **DISSOLVED**.

3

**SO ORDERED**, this   24th   day of March, 2010.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**RICHARD W. STORY**
　　　　　　　　　　　　　　　　United States District Judge

4